# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Derrick Vernon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 1:22-cv-04890 |
| ) | |
| v. ) | |
| ) | The Honorable Matthew F. Kennelly |
| Naomi McGlone, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Kendra Elberson, Lori Crafton, Shelia Bell, Ona Welch, Ernest Vanzant, Naomi McGlone, Matthew Swalls, Travis Wentworth, Jane Riggs, and Tracy Perry ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby move pursuant to Rule of Civil Procedure 56 for entry of an order granting summary judgment in their favor, and against the plaintiff, Derrick Vernon, a/k/a Derrick Crowder. In support thereof, Defendants state as follows:

1. Plaintiff was an inmate in the custody of the Illinois Department of Corrections and brings this lawsuit under 42 U.S.C. § 1983 alleging an Eighth Amendment claim for cruel and unusual punishment by failing to correctly calculate the term of his sentence. (2d Am. Compl., ECF No. 68.)

2. Plaintiff alleges that he "wrongfully served at least two years more than he should have been without penological justification because of the deliberate indifference of each Defendant despite repeatedly demonstrating that the 1,456 time-served credits were supposed to have been applied to his sentence." (*Id.* ¶ 69.)

3. For the reasons set forth in Defendants' Memorandum of Law in Support of Motion

for Summary Judgment, Defendants are entitled to judgment as a matter of law on the grounds that: (1) this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine; (2) this action constitutes an improper collateral attack on Plaintiff's state court conviction and sentencing, and therefore, is barred by the *Heck* doctrine; (3) Plaintiff is collaterally estopped from re-litigating the issue of an incorrect sentence; and (4) this action was not timely filed within the two-year limitations period applicable to § 1983 actions.

WHEREFORE, Defendants pray this Court enter an order finding there is no genuine dispute of material fact and that Defendants are entitled to judgment as a matter of law, to enter judgment thereon, and tax costs.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: /Daniel N. Robbin/
Daniel Noah Robbin
Assistant Attorney General
Bar No. 6321386
115 S. La Salle St., Fl. 28
Chicago, IL 60603
(312) 814-7199
daniel.robbin@ilag.gov