IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Vernon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 1:22-cv-04890 |
| ) | |
| v. ) | |
| ) | The Honorable Matthew F. Kennelly |
| Naomi McGlone, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants Kendra Elberson, Lori Crafton, Shelia Bell, Ona Welch, Ernest Vanzant, Naomi McGlone, Matthew Swalls, Travis Wentworth, Jane Riggs, and Tracy Perry ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby state that the following material facts are undisputed pursuant to Rule of Civil Procedure 56:

1. Plaintiff, a former inmate of the Illinois Department of Corrections ("IDOC"), brings the instant suit under 42 U.S.C. § 1983 for an alleged violation of his Eighth Amendment right against cruel and unusual punishment while incarcerated. (Exhibit 1, 2d Am. Compl. ¶¶ 73-78, ECF No. 68.)

2. Plaintiff contends that Defendants are liable to him because Defendants "did not investigate and/or effectively investigate Vernon's claim that his court-ordered 1,456 time-served credits were not being applied to his sentence and that his release date was miscalculated." (Exhibit 1, 2d Am. Compl. ¶¶ 25, 31, 36, 38, 42, 48, 50, 54, 60, 63.)

3. In December 1997, Plaintiff was sentenced to the Tennessee Department of Correction [*sic*] (TDOC) for 24 years for the crimes of Especially Aggravated Kidnapping and

Especially Aggravated Assault. (Exhibit 1, 2d Am. Compl. ¶ 10; Exhibit 2, IDOC 000063-000064, Judgments of Conviction; *Tennessee v. Vernon*, No. W1998-00612-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 349 (Tenn. Crim. App., Apr. 25, 2000).

4. From 1995 to 1999, Plaintiff was held in custody in Tennessee with the TDOC. (Exhibit 1, 2d Am. Compl. ¶¶ 11-12.)

5. On or about June 16, 1999, Plaintiff was transferred from the TDOC in Tennessee to the Cook County Jail to answer a grand jury's true bill of indictment against him for murder and attempted murder. (Exhibit 1, 2d Am. Compl. ¶ 13; Exhibit 3, IDOC 000194-000200, Bill of Indictment.)

6. On June 2, 2003, the Circuit Court of Cook County entered a Corrected Order of Commitment and Sentence to the Illinois Department of Corrections ("Mittimus"). (Exhibit 4, IDOC 000330, Mittimus.)

7. In Illinois, the Circuit Court of Cook County imposed a consecutive sentence to his Tennessee sentence. Plaintiff's Illinois and Tennessee offenses were due to his association with the Traveling Vice Lords, and both sets of offenses involved Plaintiff's association with the Traveling Vice Lords. (Exhibit 1, 2d Am. Compl. ¶ 16; Exhibit 5, IDOC 000024-000025, Official Statement of Facts of State's Attorney of Cook County; *Tennessee v. Vernon*, No. W1998-00612-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 349 (Tenn. Crim. App., Apr. 25, 2000)).

8. The Mittimus stated that Plaintiff, Derrick Vernon (who at that time went by Derrick Crowder), was sentenced to 30 years' incarceration to run consecutive to his existing sentence from Tennessee. (Exhibit 4, IDOC 000330, Mittimus.)

9. The Mittimus stated that "The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 1,456 days as of the date of this order." (Exhibit 4, IDOC 000330, Mittimus.)

10. On or about July 28, 2003, Plaintiff was transferred to the custody of the TDOC. (Exhibit 1, 2d Am. Compl. ¶ 18.)

11. While Plaintiff was in the Cook County Jail from June 16, 1999 until July 28, 2003, TDOC credited Plaintiff with at least 1,456 days of time-served credit. (Exhibit 6, Deposition of Melinda K. Toney as 30(b)(6) Designee of TDOC, p. 21:23 to p. 22:13; p. 22:23 to p. 23:9; Interstate Compact on Detainers, Tenn. Code Ann. § 40-31-101, art. V(f); Exhibit 7, Deposition of Plaintiff, 104:17-105:10).

12. When Plaintiff was in Chicago from June 16, 1999, to July 28, 2003, his sentence in Tennessee was still running. (Exhibit 6, Deposition of Melinda K. Toney as 30(b)(6) Designee of TDOC, p. 21:18 to p. 22:13; p. 22:23 to p. 23:9; Interstate Compact on Detainers, Tenn. Code Ann. § 40-31-101, art. V(f); Exhibit 7, Deposition of Plaintiff, 104:17–105:10).

13. On or about January 15, 2009, Plaintiff was released on parole from Tennessee and immediately placed into Illinois Department of Corrections' custody. (Exhibit 6, Deposition of Melinda K. Toney as 30(b)(6) Designee of TDOC, p. 21:18–22:13; 22:23–23:9; Exhibit 1, 2d Am. Compl. ¶ 19.)

14. Between March 27, 2009, and October 2009, while Plaintiff was housed at Menard Correctional Center, Plaintiff began to believe that the Illinois Department of Corrections officials had miscalculated his release date. (Exhibit 1, 2d Am. Compl. ¶ 26, 32; Exhibit 7, Deposition of Plaintiff, p. 16:7–17:6.)

15. In January 2010, Plaintiff filed a post-conviction 2–1401 petition with the Circuit Court of Cook County entitled "Petition for Relief of Void Sentencing Judgment" ("First Petition"), claiming that he was not being given credit for 1,456 days of pre-trial custody in violation of the Mittimus. (Exhibit 7, Deposition of Plaintiff, 21:9-20; 25:23-26:7; 26:20-25; Exhibit 9, IDOC 000912-000933, Brief of Appellant at 5; Exhibit 8, IDOC 000389-000393, Trial Court Order of 04/29/10 at 1; Exhibit 10, IDOC 001027-001029, Appellate Court Order of 08/09/11 at 2).

16. On or about April 29, 2010, Judge Mary Margaret Brosnahan of the Circuit Court of Cook County entered an order dismissing Plaintiff's First Petition. (Exhibit 8, IDOC 000389-000393, Trial Court Order of 04/29/10).

17. Judge Brosnahan's April 2010 Order stated that Judge Brosnahan found Plaintiff "received the 1456 days he is entitled to as reflected on his [M]ittimus. Therefore, [Plaintiff's] claim is without merit." (Exhibit 8, IDOC 000389-000393, Trial Court Order of 04/29/10 at 5).

18. In her April 2010 Order, Judge Brosnahan relied on the Illinois Supreme Court decision of *People v. Latona*, 184 Ill. 2d 271 (1998). (Exhibit 8, IDOC 000389-000393, Trial Court Order of 04/29/10 at 5).

19. Plaintiff appealed Judge Brosnahan's April 2010 Order to the Illinois Appellate Court. (Exhibit 7, Deposition of Plaintiff, 27:3-5; Exhibit 10, IDOC 001027-001029, Appellate Court Order of 08/09/11; Exhibit 15, Crowder Resp. to *Finley* Mot. to Withdraw at 6-10, Vernon00010-Vernon00014, )

20. On or about August 9, 2011, the Illinois Appellate Court affirmed Judge Brosnahan's April 2010 Order. (Exhibit 10, IDOC 001027-001029, Appellate Court Order of 08/09/11 at 3.)

21. On or about June 5, 2013, Plaintiff filed a Motion for Order *Nunc Pro Tunc* ("Second Petition") with the Circuit Court of Cook County. (Exhibit 11, IDOC 000351-000373, Motion for Order *Nunc Pro Tunc*).

22. Plaintiff stated in his Second Petition that "Defendant has also been informed by IDOC that the jail-time credits awarded by this Court will not be applied against Defendant's prison sentence – this is resulting, as Defendant believes, from a statement in the Mittimus that 'CASE 9401918 IN TENN. IS CONSECUTIVE WITH THIS CASE' and where IDOC is believing that this Court had authority to apply the jail-time credits to Defendant's Tennessee prison term." (Exhibit 11, IDOC 000351-000373, Motion for Order *Nunc Pro Tunc* at 2.)

23. Plaintiff stated in his Second Petition that "Defendant believes that should this Court strike the words 'CASE 9401918 IN TENN. IS CONSECUTIVE WITH THIS CASE' from the Mittimus that IDOC will apply the jail-time credits against Defendant's Illinois sentence and this matter will resolve without the need of Defendant having to prosecute a Complaint for Mandamus . . . to have IDOC apply the credits." (Exhibit 11, IDOC 000351-000373, Motion for Order *Nunc Pro Tunc* at 2.)

24. On or about June 27, 2013, Judge Mary Margaret Brosnahan of the Circuit Court of Cook County dismissed Plaintiff's Second Petition. (Exhibit 12, IDOC 000111, Docket Entry Order of 06/27/13.)

25. Plaintiff appealed Judge Brosnahan's June 2013 Order to the Illinois Appellate Court. (Exhibit 9, IDOC 000912-000933, Brief of Appellant).

26. On or about June 22, 2015, the Illinois Appellate Court affirmed Judge Brosnahan's June 2013 Order. (Exhibit 13, IDOC 000395-000398, Appellate Court Summary Order of 06/22/15.)

27. On or about September 17, 2019, Plaintiff filed a Motion for Leave to File Petition for Writ of Mandamus ("Third Petition") with the Illinois Supreme Court about his claim that the IDOC miscalculated his sentence and was not honoring the Mittimus. (Exhibit 14, IDOC 001155-001175, Petition for Mandamus).

28. On or about November 26, 2019, the Illinois Supreme Court denied Plaintiff's Third Petition. (Exhibit 14, IDOC 001154, Supreme Court Docket Entry of 11/26/19.)

        Respectfully submitted,

        KWAME RAOUL
        Attorney General of Illinois

By:    /*Daniel N. Robbin*/
        Daniel Noah Robbin
        Assistant Attorney General
        Bar No. 6321386
        115 S. La Salle St., Fl. 28
        Chicago, IL 60603
        (312) 814-7199
        daniel.robbin@ilag.gov