**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DERRICK VERNON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 22 C 4890** |
| ) | |
| **N. McGLONE, J. RIGGS,** ) | |
| **VANESSA BELL, MATTHEW SWALLS,** ) | |
| **and UNKNOWN AND UNNAMED ILLINOIS** ) | |
| **DEPARTMENT OF CORRECTIONS** ) | |
| **PERSONNEL,** ) | |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Derrick Vernon has sued multiple Illinois Department of Corrections (IDOC) employees, alleging that they detained him in prison approximately two and one-half years after his proper release date in violation of the Eighth Amendment. Vernon asserts claims under 42 U.S.C. § 1983 against Naomi McGlone, the records office supervisor at Vienna Correctional Center; Jane Riggs, the records office supervisor at Kewanee Life Skills Re-entry Center; Vanessa Bell, the records office supervisor at Western Illinois Correctional Center; and unknown and unnamed IDOC personnel.

The defendants have moved for summary judgment on Vernon's claim, arguing that it is barred by the doctrine of issue preclusion. For the reasons below, the Court denies the defendants' motion.

**Background**

The following facts are undisputed unless otherwise noted.[1]  In 1997, Vernon (who was prosecuted and imprisoned under the name Crowder) was convicted in Tennessee state court on aggravated kidnapping and aggravated assault charges and was sentenced to twenty-four years in prison.  Vernon was held in custody in Tennessee from 1995 to 1999.  In June 1999, Vernon was transferred to Cook County to face murder charges in Illinois state court.  He remained in jail in Illinois until his sentencing in 2003.  In June 2003, Vernon was sentenced to thirty years' imprisonment for murder, to run consecutively to his Tennessee sentence.  The corrected order of commitment and sentence—the mittimus, in Illinois court lingo—stated that Vernon "is entitled to receive credit for time actually served in custody for a total credit of 1456 days as of the date of this order."  Defs.' L.R. 56.1 Stmt., Ex. 4 at 1.  After he was sentenced in Illinois, Vernon was returned to Tennessee to serve out his sentence there.  In 2009, Vernon was released on parole in Tennessee and was transported to Illinois to begin serving his Illinois sentence.

Vernon alleges that upon his transfer to IDOC custody, a record office official at the Northern Reception and Classification Center in Joliet, Illinois "miscalculated" his

---

[1] The defendants argue that paragraph fifteen of their statement of material facts should be deemed admitted and that paragraphs ten and twelve of Vernon's statement of additional facts should be stricken due to Vernon's alleged failure to comply with the requirements of Local Rule 56.1.  The Seventh Circuit has held that a nonmovant's failure to adhere to the local rules may result in an admission of the defendant's material facts.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).  However, "the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion."  *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (citation omitted).  The Court opts not to penalize Vernon for noncompliance with Local Rule 56.1, and doing so would make no difference in the outcome in any event.

release date by "failing to apply . . . his court-ordered 1,456 time-served credits to his sentence."  Second Am. Compl. ¶ 21.  Vernon alleges that over the next decade he informed multiple officials at various facilities that his sentence had been erroneously calculated.  *See id.* ¶¶ 22, 27, 33, 40, 49, 56.  In June 2003, Vernon filed a direct appeal from his Illinois conviction and sentence.  On February 18, 2005, the Illinois Appellate Court affirmed his conviction and sentence. *People v. Crowder*, 354 Ill. App. 3d 1159, 883 N.E.2d 1148 (2005).   The Illinois Supreme Court denied Vernon's petition for leave to appeal the Illinois Appellate Court's decision.  *People v. Crowder*, 215 Ill. 2d 603, 833 N.E.2d 5 (2005).

In January 2010, Vernon filed a petition for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure.  Vernon alleged in this petition that during his sentencing hearing, the trial court improperly took judicial notice of two cases in which he was found not guilty and also that he was not given credit for 1,456 days of pre-trial custody as ordered by the sentencing judge.  Defs.' L.R. 56.1 Stmt., Ex. 8 at IDOC 000389.  The trial court denied Vernon's petition.  *Id.* at IDOC 000393.  The appellate court affirmed.  *See* Defs.' L.R. 56.1 Stmt., Ex. 10.

On June 5, 2013, Vernon filed a post-conviction petition in Illinois state court, arguing that he was "entitled to 1,518 days of jail-time credits against his Illinois sentence."  Defs.' L.R. 56.1 Stmt., Ex. 11 at IDOC 000352.  On June 27, 2013, the state court denied Vernon's motion.  Vernon appealed, and the appellate court affirmed the trial court's ruling.  *People v. Crowder*, No. 1-13-2578, slip op. ¶¶ 4-5 (Ill. App. Ct. June 22, 2015).

In July 2018, Vernon was transferred to Vienna Correctional Center.  Vernon

alleges that he informed the facility's records office supervisor and warden that he believed his release date had been miscalculated.  Second Am. Compl. ¶¶ 46-48.  On August 21, 2018, an unidentified IDOC official prepared a sentence calculation sheet for Vernon.  The calculation sheet states that his projected release date was January 15, 2024.  In September 2019, Vernon filed a motion for leave to file a petition for writ of mandamus with the Illinois Supreme Court.  That motion was denied.

At some point, Vernon was transferred to Kewanee Life Skills Re-entry Center. He alleges that on February 16, 2022, he informed that institution's warden, James Carothers, that his release date had been calculated incorrectly.  On February 22, 2022, an IDOC official with the initials "JR" filled out a new sentence calculation sheet for Vernon that includes 1,456 days of "jail credits."  Pl.'s L.R. 56.1 Stmt., Ex. 7.  The new sentence calculation sheet lists Vernon's projected release date as June 9, 2019— almost thirty-two months earlier.  Vernon was released from prison on February 22, 2022, the same day as the new sentence calculation was prepared.

Vernon alleges that he was imprisoned for 989 days beyond the proper conclusion of his prison sentence in violation of the Eighth Amendment.  The defendants have moved for summary judgment.

### Discussion

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must review the

record and draw all reasonable inferences from it in the light most favorable to the non-movant. *Id.* at 255.

In their summary judgment motion, the defendants do not address the merits of Vernon's Eighth Amendment claim and instead argue that his suit is barred by the doctrine of collateral estoppel, also known as issue preclusion.[2] Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue that was decided in a previous proceeding. *Am. Fam. Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 387, 739 N.E.2d 445, 451 (2000) (citing *Talarico v. Dunlap*, 177 Ill.2d 185, 191, 685 N.E.2d 325, 328 (1997)). To determine whether collateral estoppel applies to Illinois state court judgments, this Court must apply Illinois law. *Creation Supply, Inc. v. Selective Ins. Co. of Se.*, 51 F.4th 759, 763 (7th Cir. 2022). In Illinois, collateral estoppel applies when "(1) an issue decided in a prior adjudication is identical with the one presented in the current litigation, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Givens v. City of Chicago*, 2023 IL 127837, ¶ 48. Issue preclusion only applies if the issue was "actually litigated and resolved" in the prior action. *Toro v. Gainer*, 370 F. Supp. 2d 736, 739 (N.D. Ill. 2005). "The party asserting the preclusion bears the heavy burden of showing with clarity and certainty that the identical issue was decided in the prior case." *Smith v. Chem. Pers. Search, Inc.*, 215 Ill. App. 3d 1078, 1082, 576 N.E.2d 340, 344 (1991). And even when the threshold requirements for

---

[2] The defendants argued in their motion for summary judgment that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and that Vernon's claim is barred by both the *Heck* doctrine and the statute of limitations. The defendants later withdrew these arguments. *See* Defs.' Reply at 10; Defs.' Surreply at 1.

collateral estoppel are satisfied, the doctrine "should not be applied unless it is clear that no unfairness will result to the party sought to be estopped." *Am. Fam. Mut. Ins. Co.*, 193 Ill. 2d at 388, 739 N.E.2d at 451.

It is undisputed that the second and third requirements for the application of collateral estoppel are met in this case: there was a final judgment(s) in the earlier litigation, and Vernon was a party. *See* Pl.'s Resp. at 8. The dispute involves the first requirement. The defendants contend that Vernon is precluded from bringing the instant case because "[t]he issue of whether Plaintiff's credits were applied properly in determining his release date has been litigated no less than four times" in state court. Defs.' Mot. for Summ. J. at 12.

Vernon directly appealed his conviction to the Illinois Appellate Court in 2003. The defendants assert that Vernon argued in his direct appeal that "the State failed to prove him guilty beyond a reasonable doubt and that his sentence was excessive." Defs.' Mot. for Summ. J. at 13. In support of this assertion, the defendants cite to an Illinois Appellate Court order from 2015, which contains a short summary of the arguments Vernon raised in his petition and notes that "this court affirmed defendant's conviction." Defs.' L.R. 56.1 Stmt., Ex. 13 ¶ 3. But the defendants have pointed to no evidence from which this Court could conclude that any issues related to Vernon's time-served credits were "actually litigated" through his direct appeal. The Illinois Appellate Court affirmed Vernon's conviction and sentence without issuing a written opinion. *See People v. Crowder*, 354 Ill. App. 3d 1159, 883 N.E.2d 1148 (2005). Vernon subsequently filed a petition for leave to appeal, which the Illinois Supreme Court summarily denied. *See People v. Crowder*, 215 Ill. 2d 603, 833 N.E.2d 5 (2005). It is

6

unclear from the record the relief Vernon sought, or the issues he presented, in those courts.  In short, the defendants have not presented "clear, concise, and unequivocal evidence" that Vernon's argument regarding the application of jail time credits was litigated and resolved on direct appeal.  *Pedersen v. Village of Hoffman Estates*, 2014 IL App (1st) 123402, ¶ 42, 8 N.E.3d 1083, 1095; *see Jones v. City of Alton*, 757 F.2d 878, 885 (7th Cir. 1985) ("To speculate on the grounds for the prior judgment would be to remove the burden placed on the proponent.").

Furthermore, the defendants fail to explain how Vernon's arguments concerning the prosecutor's failure to meet its burden of proof at trial and the length of his sentence are "identical" to the issue raised in the instant case.  The question of whether the evidence presented by the prosecutor was sufficient to sustain a guilty verdict is, of course, completely different from whether time-served credits on the sentence were properly applied.  And without additional information, this Court cannot discern whether Vernon's argument regarding the "excessive" nature of his sentence included discussion of the jail-time credits that he felt were not properly applied to his sentence. "The [issue preclusion] doctrine does not apply if there is any uncertainty about whether the issue was actually or necessarily decided by the court in the prior proceeding."  *See Kumar v. Chicago Hous. Auth.*, 862 F. Supp. 213, 215 (N.D. Ill. 1994).   Based on the evidence in the record, the decision on Vernon's direct appeal does not preclude his Eighth Amendment claim.

Vernon did, however, assert arguments regarding the application of jail-time credits to his Illinois sentence through his collateral attacks on his sentence.  In his motion for order *nunc pro tunc*, Vernon asked the Circuit Court of Cook County to

correct his Illinois mittimus to reflect that he "is entitled to 1,518 days of jail-time credits applied against his Illinois [s]entence." Defs.' L.R. 56.1 Stmt., Ex. 11 at IDOC 000352. In Vernon's section 2-1401 petition, the issues presented, as articulated by the judge in that case, were (1) whether "the trial court improperly took judicial notice of two cases in which he was found not guilty" at his sentencing and (2) whether Vernon was "being given credit for 1,456 days of pre-trial custody in violation of the court's order." Defs.' L.R. 56.1 Stmt., Ex. 8 at IDOC 000389. And Vernon concedes that in his motion for leave to file a writ of mandamus he sought to "compel a prison warden to apply jail credits to his sentence." Pl.'s Resp. to Defs.' Mot. for Summ. J. at 12. In short, in all three of his postconviction relief filings, Vernon asserted that his sentence was miscalculated and that he was entitled to credit for time served on his Illinois sentence. The defendants are correct that this sentence calculation issue was litigated in state court.

That said, the defendants are not entitled to summary judgment. The reason is that the sentence calculation issue Vernon raised in state court is not identical to the deliberate indifference issue he asserts in the instant case. Although the defendants assert that Vernon's prior litigation "conclusively resolved" Vernon's Eighth Amendment claim, Def.'s Reply at 10, their issue preclusion argument is foreclosed by the Seventh Circuit's decision in *Burke v. Johnston*, 452 F.3d 665 (7th Cir. 2006). In *Burke*, an inmate argued that he was entitled to jail time credit for the approximately eight months he spent in jail prior to his sentencing. *Id.* at 666. The plaintiff filed multiple petitions in Wisconsin state courts, including a petition for writ of habeas corpus and a petition for writ of mandamus, arguing that he had been denied jail-time credit for the time he

8

served between his arrest and his sentencing. *Burke v. Johnston*, No. 02-C-0503-DRH, 2005 WL 1719291, at *1 (E.D. Wis. July 21, 2005), *rev'd and remanded*, 452 F.3d 665 (7th Cir. 2006). After state courts repeatedly denied his requests for relief, the plaintiff wrote to Wisconsin Department of Corrections (WDOC) officials multiple times to inform them of his belief that his sentence had been erroneously calculated. *Burke,* 452 F.3d at 666. After two years of correspondence with multiple officials, WDOC personnel modified the plaintiff's sentence to reflect credit for the eight months of jail time he served while awaiting sentencing. *Id.* at 666-67. The plaintiff later brought an Eighth Amendment deliberate indifference action against prison officials, arguing that he was incarcerated past his proper release date due to their allegedly unconstitutional delay in awarding him jail credit. *Id.* at 667.

The Seventh Circuit held that the plaintiff's deliberate indifference claim was not barred by collateral estoppel. Because the plaintiff had "got[ten] the credit from the DOC, the prior litigation of that issue [in state court] is irrelevant to his present claim." *Id.* at 669–70. The Court concluded that "[s]ince the issue of deliberate indifference was not litigated in state court and was not a factor in any previous judgment against Burke, Burke's claim is not barred by principles of preclusion." *Id.*

Similarly to the plaintiff in *Burke*, Vernon is no longer arguing that he is entitled to jail time credits. Like the plaintiff in *Burke*, IDOC officials ultimately applied those credits, without the benefit of any court order. Vernon's claim here is that officials were deliberately indifferent in failing to apply those credits earlier—when they actually would have made a difference—in violation of his Eighth Amendment rights. He does not challenge the calculation of his release date; instead, he challenges the conduct of

9

prison authorities that caused him to be incarcerated long after the expiration of his appropriate prison term. None of the state court judgments against Vernon addressed the conduct of any IDOC personnel in allegedly improperly delaying Vernon's release. Thus because the issue decided by the Illinois state courts is not identical to the issue raised by Vernon's deliberate indifference claim, issue preclusion does not apply. *See also Turner v. Godinez*, 693 F. App'x 449, 454 (7th Cir. 2017) (noting that none of plaintiff's prior lawsuits addressed whether he was held past his release date in violation of the Eighth Amendment).

The defendants argue that "*Burke* is not instructive on the application of Illinois collateral estoppel in the case at bar" because "[t]he Court [in *Burke*] did not specify what was decided, what issues were considered, or if any facts in the federal case mirrored those in the state case." Defs.' Surreply at 2. But the Seventh Circuit explained that multiple state court decisions had been issued that "denied [the plaintiff] the jail credit he believed he was owed." *Burke*, 452 F.3d at 668. And the court further explained that although the plaintiff had previously challenged "the amount of the jail time credit he received" in state court, his federal claim focused on "deliberate indifference on the part of DOC officials whom he says did not grant it to him as early as they should have." *Id.* at 669-70. Similarly, in this case multiple state court judgments were issued denying Vernon's request for the application of jail time credits, but none of those courts addressed whether the defendants were deliberately indifferent to Vernon's complaints.

In addition, the elements of Wisconsin issue preclusion law, which was at issue in *Burke*, closely mirror those of Illinois. *See Conney v. Quarles & Brady LLP*, No. 10-

CV-1150, 2017 WL 11673306, at *1 n. 1 (E.D. Wis. Sept. 18, 2017) (noting that outcome of collateral estoppel issue is the same under either Illinois or Wisconsin law); *Dostal v. Strand*, 984 N.W.2d 382, 391 (Wis. 2023) (relying on an Illinois appellate court decision for guidance on application of Wisconsin collateral estoppel law).  Similarly to Illinois's issue preclusion rules, Wisconsin law bars the re-litigation of "an identical issue of law or fact" that was "actually litigated in a previous action."  *Mrozek v. Intra Fin. Corp.*, 699 N.W.2d 54, 61 (Wis. 2005); *Dostal*, *v. Strand*, 984 N.W.2d at 388.  Notably, the defendants do not identify any distinctions between Wisconsin and Illinois issue preclusion doctrine that indicate that the Seventh Circuit would have reached a different result if it had applied Illinois issue preclusion law.

## Conclusion

For the foregoing reasons, the Court denies the defendants' motion for summary judgment [dkt. no. 119].  The parties are directed to confer on a schedule for further proceedings, and they are to file a joint status report in this regard by June 25, 2024. The case is set for a telephonic status hearing on June 27, 2024 at 9:20 a.m., using call-in number 650-479-3207, access code 980-394-33.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June   , 2024